## BOWDEN v. CENTRAL BANK & TRUST CORPORATION et al.

(Circuit. Court of Appeals, Fifth Circuit.
October 14, 1924.)

No. 4259.

Corporations ⬤═590(5)—Stockholder, who assents to merger, loses right to enforce lien for debt against property of old corporation.

Where a stockholder of a corporation, who is also a creditor, assents to its merger with another corporation, to which its property is transferred, and which assumes its liabilities, he becomes a general creditor of the new corporation, and is without right to impress a trust on the property received from the old corporation for payment of his claim, to the exclusion of a mortgage given by the new corporation.

Appeal from the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Suit in equity by the Central Bank & Trust Corporation, trustee, · against the Couch Cotton Mills, Incorporated. From a decree denying a lien claimed in the intervening petition of Paul A. Bowden, intervener appeals. Affirmed.

J. Richard Bowden, of Augusta, Ga. (J. Wightman Bowden, of Atlanta, Ga., on the brief), for appellant.

Philip H. Alston, of Atlanta, Ga. (Robert C. Alston and Alston, Alston, Foster & Moise, all of Atlanta, Ga., on the brief), for appellees.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. This was an intervening petition filed by Paul A. Bowden, claiming to be a stockholder of the Beaver Cotton Mills Company, in the suit of the Central Bank & Trust Corporation, Trustee, v. Couch Cotton Mills, Incorporated. The facts are that said Beaver Cotton Mills had been consolidated and merged with two other corporations, to wit, the Beaver Duck Mills of Greenville, S. C., and the Couch Mills Company, East Point, Ga., into said new corporation, known as the Couch Cotton Mills, Incorporated. Prior to the time of its merger, the Beaver Cotton Mills had declared a dividend, of which $2,254.12 was due to complainant, and of which it paid $1,000 cash, leaving the balance still due him.

·The consolidation had been made by authority of an agreement signed by Paul A. Bowden and all the other stockholders of the Beaver Cotton Mills, and he had received

his stock in the new corporation. This occurred more than two years prior to the filing of the intervening petition. Under the terms of the consolidation, which took the form of a sale of the assets of one corporation to the other for so much of its capital stock, the new corporation assumed the debts of the Beaver Cotton Mills. It will thus be seen that this merger was made by the express assent in writing of complainant in this case, with no reservation of any rights which he might have as a creditor of the Beaver Cotton Mills. The Supreme Court of Georgia, approving the rule laid down by Thompson in his work on Corporations, has ruled that in cases of consolidation as a general rule the new company succeeds to the rights, duties, obligations, and liabilities of each of the precedent companies, whether arising ex contractu or ex delicto. Tompkins v. Augusta So. R. R. Co., 102 Ga. 436, 440, 30 S. E. 992. We therefore think that by this merger, consented to by Bowden, he became a creditor of the new corporation for the amount of his unsecured dividend, which had not been paid him by the Beaver Cotton Mills, and that he is not entitled to impress the assets of the Beaver Cotton Mills, conveyed to the Couch Cotton Mills, with a trust in his favor.

After said consolidation was effected, Couch Cotton Mills created a mortgage or deed of trust to the Central Bank & Trust Corporation to secure an issue of bonds of three series, A, B, and C, of relative dignity, series A and B being superior in lien to series C, a portion of which issue of series C was tendered Paul A. Bowden for said indebtedness and declined by him. In the suit in which this intervention was filed the property secured by said deed of trust was sold, and the proceeds were only sufficient to satisfy series A and B of said bonds. Said Bowden then filed this intervention, seeking to impress the assets received from the Beaver Cotton Mills with a trust of said unsecured debt, and claimed it as having a lien superior to said bonds. The court below held that the said Bowden was simply an unsecured creditor, and bound by said transfer, and that his debt was inferior to the claim of said bonds. We agree with the court that he is an unsecured creditor, and holds an inferior claim, and is not entitled to the enforcement of the trust sought.

The judgment is therefore affirmed.